## No. 4765.

### MASTER AND WARDENS OF THE PORT OF NEW ORLEANS *v.* ROBERT W. FOSTER.

This suit is brought under the second section of act No. 68, session of 1869, p. 67, which provides that it shall be unlawful for any person other than the master and wardens of the port of New Orleans, or their legally constituted deputy, to make any survey of hatches of seagoing vessels coming into the port of New Orleans, or to make any survey of damaged goods coming on board of such vessels, whether such survey be made on board or on shore, or to give certificates or orders for the sale of such damaged goods at auction, or to do any other of the acts and things prescribed by law for the master and wardens to do and perform.

The section above referred to is not unconstitutional. The Legislature may not have the power to force a vessel which comes to this port from sea to have a survey made of her hatches, but it has the right to designate by whom a survey shall be made, if one is asked for by the captain or owner of the vessel. This is not a tax upon commerce. It is only saying by what officer a certain act shall be performed.

When the law says it shall be unlawful for any person to do a particular thing, the party who attempts to do it may be injoined by any person in interest.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *Henry C. Dibble* and *Billings*, for plaintiffs and appellees. *E. S. Craig*, for defendant and appellant.

MORGAN, J. Petitioners seek to injoin the defendant from making any survey of the hatches of any seagoing vessel which may have ar rived or which may arrive at this port, and from making any survey either on board or on shore of any damaged goods which may have arrived or which may arrive on any seagoing vessel, and from giving any certificates of any survey and from doing any act which the master and wardens are authorized by law to perform.

The suit is brought under the second section of act No. 68, session 1869, p. 67, which provides that it shall be unlawful for any person other than the master and wardens of the port of New Orleans, or their legally constituted deputy, to make any survey of hatches of seagoing vessels coming into said port of New Orleans, or to make any survey of damaged goods coming on board such vessel, whether such survey be made on board or on shore, or to give certificates on orders for the sale of such damaged goods at auction, or to do any other of the acts and things prescribed by law for the master and wardens to do and perform.

Defendant admits that by reason of his superior experience in marine matters, he is often called upon by parties in interest to inspect damaged goods and vessels and to report upon them, but that he has never sought or claimed to give any legal effects to his acts; that no law can compel private citizens to employ the plaintiffs when all parties in interest do not wish their services; that the act of 1869, and all other acts giving compulsory and exclusive powers to masters and wardens to inspect vessels and make surveys, to his exclusion, or to

the exclusion of any one else, is unconstitutional and void, and repugnant to the constitution of the United States and to the constitution of the State of Louisiana.

From a judgment rendered against him he has appealed.

A case precisely similar to the one at bar, and between the same parties, was decided some time ago, and is to be found in 23 An. 750. In that case we said:

"The evidence shows that the defendants have entered into a contract whereby the said Foster was employed to examine and survey damaged goods in cases where they were interested, and that said Foster does not pretend to act under any commission or by virtue of any public office, but simply as the employé of the merchants and underwriters who may engage his services, and that he has not molested or interfered in any manner with plaintiffs.

"We know of no law which prevents the defendants from entering into such a contract as the above, and we think the plaintiffs have wholly failed to show any right of action."

But since this decision was rendered the Legislature passed the act under which the present action is brought. By it all persons except the plaintiffs are prohibited from doing the things the defendants claim they have the right to do. The question is, has the Legislature the power to say who alone shall be permitted to make any survey of hatches of seagoing vessels coming into the port of New Orleans?

In support of the negative of this position, the appellant relies upon the decision of the Supreme Court of the United States in the case of the Steamship Company v. Port Wardens, 6 Wallace p. 31. That was a suit wherein the port wardens sought to recover from the company five dollars. Their claim was founded on a section of the act of fifteenth March, 1855, which provides that the master and wardens of the port of New Orleans should be entitled to demand and receive, in addition to other fees, the sum of five dollars, whether called on to perform any service or not, for every vessel arriving in this port. The court held that the act in question was a regulation of commerce; that it imposed a tax upon every ship entering this port; that the power to regulate commerce was given to Congress; that it was thus given with the obvious intent to place that commerce beyond interruption or embarrassment arising from conflicting or hostile State regulations, and that the act under which that suit was brought worked the very mischief against which the constitution intended to protect commerce among the States.

The first section of the act of sixth March, 1869, p. 67, provides that it shall be the duty of the master and wardens of the port of New Orleans, within twenty-four hours after the arrival and mooring at the

wharf or landing in the port of New Orleans of any seagoing vessel arriving with cargo, to go on board such vessel and offer their official services to make survey of the hatches of such vessel, and to perform the acts and services prescribed by law for them to perform. And in case such services so offered to such seagoing vessel shall be declined or refused, the said master and wardens shall be entitled to charge and collect from such vessel, her master and owners or consignees, the amount of three dollars for services so tendered.

Under the decision from 6 Wallace, just quoted, it would seem that this portion of the act of 1869 would be unconstitutional. Admitting this to be so, it does not follow that the whole act is unconstitutional, and we would only be called upon to pass upon the question when it is presented by some person who is proceeded against for a violation of its provisions, as, for instance, if the suit for three dollars were to be instituted against the captain of a vessel to whom the port wardens had tendered their services, and been refused. But the present defendant can not set up the unconstitutionality of this section, he not being proceeded against under it.

Is the second section of the act, which provides that it shall be unlawful for any person other than the master and wardens, or their legally constituted deputy, to make any survey of hatches of seagoing vessels coming into the port of New Orleans, or to make any survey of damaged goods coming on board such vessel, whether such survey be made on board or on shore, or to give certificates or orders for the sale of such damaged goods at auction, or to do any other of the acts and things prescribed by law for the master and wardens to do and perform, unconstitutional? We think not. The Legislature may not have the power to force a vessel which comes to this port from sea to have a survey made of her hatches, but it has the right to designate by whom a survey shall be made if one is asked for by the captain or owner of the vessel. This is not a tax upon commerce; it is only saying by what officer a certain act shall be performed. This we think the Legislature has a right to do. It has the right, and has exercised it, to appoint harbor masters, port wardens, inspectors of various products, and it has never been held that the exercise of this right has been a tax upon commerce, or that it is a violation of the constitution.

The last question presented is, whether the plaintiffs are authorized under the constitution and laws of the United States and of this State to injoin the defendants from making surveys of the hatches of vessels, or to make surveys of damaged goods coming on board of vessels. Defendant contends that it is, because it deprives him of a means of support. We do not think so. In the case of Shepherd v. Pyson, 14 An: p. 7, it was said: "There can be no doubt that an injunction is a

proper remedy to prevent a person from doing an act which may be injurious to another, or which impairs a right claimed by that other. The occupation of a pilot for the port of New Orleans is lucrative, and is restricted by law to persons especially designated by the Governor of the State. It is therefore evident that the exercise of this business by a person not legally appointed, may be prejudicial to each and every one who is so appointed."

"A party may always claim the aid of the laws of his country to prevent a wrong, which, if inflicted, he could claim damages for. These laws would be lamentably defective if they could not prevent injuries as well as punish them." 5 N. S. 501.

In the case under consideration the master and wardens are appointed by the Governor. The occupation which they are authorized to perform is a lucrative one, and all persons are prohibited from exercising it except those who are appointed by the Governor. We think that when the law says it shall be unlawful for any person to do a particular thing, a person who attempts to do it may be injoined by any person in interest.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.

Justice Wyly, being absent, took no part in this decision

Rehearing refused.